## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| AUDIE JAMES JOHNSON, #59734, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:07-CV-52-MHT |
| | ) |
| COMMANDER WILLIAM McCARTY | ) |
| and LIEUTENANT ROCCO, | ) |
| | ) |
| Defendants. | ) |

# SPECIAL REPORT AND ANSWER

Come now defendants, **Commander William B. McCarty** and **Lieutenant Kristin Rocco**, in the above-styled cause and for Answer to plaintiff's Complaint, state as follows:

1.    As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2.    As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3.    As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional rights of plaintiff have been violated and demand strict proof thereof.

4.    As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's

constitutional rights have been violated at any time.

5. As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavit of Commander William B. McCarty** (Exhibit "1").

6. As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Plaintiff is not entitled to any award of punitive damages should this complaint be construed to request them.

### FOURTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## FIFTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

## SIXTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendants had no control or right of control.

## SEVENTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendants as they are unsupported by fact or law.

## EIGHTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## NINTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## TENTH DEFENSE

Should the plaintiff's complaint be construed to state claims under Alabama law, all state

claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

### ELEVENTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

### TWELFTH DEFENSE

In addition to defendants Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983.  The plaintiff, by suing defendants in their official capacity, is seeking damages from the State of Alabama.  Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983.  Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

### THIRTEENTH DEFENSE

Defendants assert the defense of qualified immunity.  Further, defendants plead the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause.  Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Officer or Sheriff Department Employee of Houston County, Alabama.

## FOURTEENTH DEFENSE

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

## FIFTEENTH DEFENSE

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

## SIXTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

## EIGHTEENTH DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

## NINTEENTH DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a).* Specifically, plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required

by *Ala. Code § 41-9-60* and plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail by virtue of the grievances procedures provided to the inmates therein.

## TWENTIETH DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from defendants who are entitled to immunity.

## TWENTY-FIRST DEFENSE

That the plaintiff does not plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> *No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

## TWENTY-SECOND DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

## TWENTY-THIRD DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

## TWENTY-FOURTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

### TWENTY-FIFTH DEFENSE

Defendants assert the affirmative defense of the contributory negligence of plaintiff.

### TWENTY-SIXTH DEFENSE

Defendants assert the affirmative defense of the assumption of the risk by plaintiff.

### TWENTY-SEVENTH DEFENSE

Defendants assert the truth as a defense in this case.

### TWENTY-EIGHTH DEFENSE

Defendants deny that they breached a duty or obligation owed to the plaintiff.

### TWENTY-NINTH DEFENSE

Defendants are entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff. *See* Ex parte Thomas J. Purvis (re: Ackers v. Mobile County, et al.) 689 So.2d 794 (Ala. 1996) and Alexander v. Hatfield, 652 So.2d 1142 (1994).

### THIRTIETH DEFENSE

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985*.

### THIRTY-FIRST DEFENSE

With regard to any state law claims, Defendants assert absolute state law immunity with regard to all state law claims asserted against them in their official and individual capacities. *See*

Ex parte Jason Lowell Blankenship, 893 So.2d 303 (Ala. 2004) (Where the Alabama Supreme Court held that not only should the case involving state law claims have been dismissed by the trial court, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case.)

### THIRTY-SECOND DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See* White v. Birchfield, 582 So.2d 1085 (Ala. 1991); and Hardin v. Hayes, 957 F.2d 845 (11th Cir. 1992).

### THIRTY-THIRD DEFENSE

Plaintiff's complaint does not contain sufficient allegations of an affirmative causal link between the defendants' alleged conduct and the alleged constitutional deprivation. *See* Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir. 1992); and Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

### THIRTY-FOURTH DEFENSE

The plaintiff cannot recover against defendants in this case because Alabama law provides sufficient due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

### THIRTY-FIFTH DEFENSE

Defendants assert that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendants reasonable attorneys fees and costs incurred in the defense of this case.

### THIRTY-SIXTH DEFENSE

Plaintiff cannot establish federal law claims under *42 U.S.C. § 1983* against defendants.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

s/Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama  36301
(334) 678-0100

### CERTIFICATE OF SERVICE

I, Gary C. Sherrer,  hereby certify that I have served a copy of the foregoing Special Report and Answer upon Audie James Johnson, #59734, c/o Houston County Jail, 901 East Main Street, Dothan, Alabama  36301, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this 13th day of March, 2007.

s/Gary C. Sherrer
OF COUNSEL

---

G:\GCS\A-PLEADINGS\ANSWERS\COUNTY\Johnson, Audie.wpd

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUDIE JAMES JOHNSON, #59734, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:07-CV-52-MHT |
| | ) |
| COMMANDER WILLIAM McCARTY | ) |
| and LIEUTENANT ROCCO, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **William B. McCarty** of the Houston County Sheriff's Department, who is the Commander-Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am William B. McCarty and I am the Commander-Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since June of 2004. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein.



I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address plaintiff's claims in this case. The plaintiff is a pre-trial detainee (arrested by the City of Dothan Police Department) who has apparently been unable to make his bond which is currently set at Two Thousand and 00/100 Dollars ($2,000.00).

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. According to plaintiff's files and a thorough search of jail records, the plaintiff has filed no grievances and has <u>not</u> filed any grievance related to the factual situation made the basis of plaintiff's complaint while in the Houston County Jail. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the plaintiff's Jail Docket Card showing that the plaintiff received a copy of the Inmate Rules is attached hereto collectively as **Exhibit D**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation

of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit E,** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit F** and is incorporated herein by reference as if fully set forth.

I am one of the custodians of the records maintained by the Houston County Jail. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as **Exhibit G,** and is incorporated herein by reference as if fully set forth.

With regard to plaintiff's allegations in his complaint regarding "unsanitary conditions," jail rules make it the responsibility of each inmate to clean their pods, which include shower areas, dayrooms and sleep areas as stated in **Exhibit A.** Inmates are given cleaning products and cleaning supplies three (3) times per day to clean their cells and pods. Inmates who do not follow the rules are subject to inmate disciplinary action according to established disciplinary procedure.

With regard to plaintiff's allegations related to collecting dirty clothes while in and around inmate food trays, dirty inmate laundry is washed and dried as follows: All dirty laundry is placed in "mesh-type" laundry bags. Inmates put their dirty laundry in laundry bags and place them to the side of the main door to the pod for pick up by the "laundry trustees" for washing and drying. Laundry bags with clean laundry are placed inside the entrance of the pod door. Laundry is **not** removed from the laundry bag when it is washed and dried (i.e., laundry is washed within the bag)

as a way of keeping each inmates laundry items together so that they do not have to be sorted.

"Colored" laundry (e.g., dirty orange jail uniforms) is washed on different days than "white" laundry items.  Dirty orange jail uniforms are collected for washing and drying on Monday, Wednesday and Friday after lunch, at approximately 2:00 p.m.  After washing and drying, orange jail uniforms are returned after dinner, between 6:00 p.m. and 7:00 p.m.  Meals at the jail are served each day at 5:00 a.m., 11:00 a.m. and 5:00 p.m. and do not coincide with when laundry is being done.

"Whites" or non-colored laundry items are collected on Tuesdays and Thursdays of each week after breakfast, between 6:00 a.m. and 7:00 a.m. and is returned after lunch, between 2:00 p.m. and 3:00 p.m. to each pod by the laundry trustees.  Meals do not coincide with this process.

Mattress covers are collected on Wednesday mornings, after breakfast between 6:00 a.m. and 7:00 a.m., laundered and are returned after lunch.  Blankets are laundered one (1) time per month, on Mondays.  Blankets are also collected after breakfast, laundered and are returned after lunch. Meals do not coincide with this process.

Shower walls were previously decontaminated with germicidal spray on a weekly basis.  This germicide was causing the paint to peel from the shower walls.  Contractors began installation of stainless steel shower walls in Pods A through H on January 11, 2007 and completed installation of the stainless steel shower walls on January 19, 2007.  The shower walls are now cleaned and decontaminated using another type of disinfectant.

The Houston County Health Department inspects the inmate housing facility and food service area of the Houston County Jail on a quarterly basis.  The inspection report(s) during the time

complained of by the plaintiff do not list mold or mildew in E Pod and none was reported by corrections officers who conduct the cleaning inspections.

The Houston County Jail contracts out its pest control service to the commercial contractor who sprays all Houston County buildings. The entire jail is sprayed on a monthly basis by said contractor.

Based on my investigation of the plaintiff's claims, plaintiff's claims are baseless. Based on my investigation of the plaintiff's claims, Lieutenant Kristin Rocco also sued by the plaintiff in this case knows basically the same information provided in this affidavit and her affidavit would be merely repetitious of the information contained herein.

_____
WILLIAM B. McCARTY

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **William B. McCarty**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 1st day of March, 2007.

_____
NOTARY PUBLIC
My Commission Expires:      12-9-08

# HOUSTON COUNTY SHERIFF'S DEPARTMENT
## JAIL DIVISON
### LAMAR GLOVER, SHERIFF

### INMATE RULES

Order is essential to the safe and secure operation of the jail. Inmate Rules describe the expected behavior of all inmates. Inmates found in violation of rules will be subject to disciplinary action or criminal action depending on the type of violation. Some rule violations will subject the inmate, if found guilty, to sanctions or restriction of privileges. All inmates found guilty of rule violations have a right to appeal. Appeals must be submitted within 24 hours after receiving the sanction or restriction.

### RULES

1. Uniforms (jump suits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "Houston County Jail" on the outside, and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.

2. No foreign objects will be placed in the jail doors to keep the door open or prevent locking. All inmates housed in a cell will be required to keep the cell clean and free of debris.

3. No paper products or any other type product will be placed over cell windows, vents, doors, cell lights or on walls.

4 No inmate will behave in any manner that is disrespectful to any Sheriff's Department personnel, visitors, or other inmates.

5. No inmate will initiate any physical contact, assault or attempt to assault, nor perform any act that will endanger any Sheriff's Department personnel, or any other officer, inmate or visitor.

6. No inmate will waste, abuse, damage, or steal county property or personal property belonging to another inmate.

7. No inmate will incite any action that will threaten the safety or order of the jail.

8. No inmate will commit any lewd or indecent sexual act or exhibitions.

901 East Main Street • Dothan, AL 36301
(334) 712-0762 • Fax (334) 671-9479



EXHIBIT

A

9.   No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

10.   Inmates must maintain their cells and common areas in a clean, sanitary, and orderly condition.

11.   No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnel.

12.   No inmate will leave his/her authorized area.   Inmates must roll-in to their cells when told to do so.   Females must be seated on their bunk.

13.   Inmates must roll-in at all roll-in times.   Inmates assigned to day room access must be on their mattress at all roll-ins.

14.   No inmate will be allowed to wear a cap, scarf, hat, headrag, etc., or anything covering their hair or head.

15.   No inmate will touch or place any item on the sprinkler head in their cell.

16.   Inmates will not press the call buttons except in case of emergency.

17.   No inmate will pass any item from one pod to another.

18.   Inmates **must** wear identification arm band at all times.

### DAILY SCHEDULE

1.   Roll In/Roll Out times will be posted in the pod.

2.   Inmates will roll-in at shift change times for inmate count and any other time when called by the officers.

3.   Showers will be taken during the following hours:   1:00 P.M. - 2:30 P.M. and 3:30 P.M. - 8:30 P.M.

4.   Religious services will be held on nights scheduled by the Jail Commander.

5.   Meals will be served beginning at approximately the following times:   **Breakfast - 5:00 A.M.**
           **Lunch - 11:00 A.M.**
           **Supper - 5:00 P.M.**

Each inmate is responsible for getting their own tray.   Cups **will** be taken up after the supper meal and returned at the breakfast meal.

2

## PERSONAL ITEMS ALLOWED

### A.  Items Issued

| | |
|---|---|
| Uniforms | Blanket |
| Mattress | Toothbrush |
| Mattress Cover | Comb |
| Laundry Bag | Soap |
| Towel | Toilet Paper |
| Bath Cloth | Toothpaste |

### B.  Clothing Allowed to be Brought Into the Facility

1. Undergarments, 6 pair, white only
2. Socks, white only, 6 pair
3. T-shirts, (6) white only (no tank-tops or pockets)
4. Sweatshirt, or thermal underwear, 1 each, elastic waistband, no pockets
5. Shower shoes, 1 pair
6. Tennis shoes, 1 pair, no shoestrings.  No boots, clogs or sandals - must be new
7. Bras, 3, white, no underwire

### C.  Hygiene Products Allowed
####        (One Each)

1. Stick deodorant
2. Bar soap (no liquid soap)
3. Shampoo (clear plastic bottle)
4. Hair grease/gel

All hygiene products must be the original container, clear plastic and must have see-through contents and original seal.  Never opened. (See Inmate Hygiene Policy page 10)

### D.  Other Items Allowed

1. Legal papers
2. Personal letters (Not to exceed 10 letters)
3. Soft-back Bible
4. 2 legal pads, letter size, no wire binding
5. 25 envelopes with stamps
6. 2 pencils, lead
7. 2 pens (non-retractable, non-metal point, see-through) (no crayons, colored pencils, highlighters or markers allowed)

### E.  Commissary Purchases

1. Weekend visitors whose name appears on an inmate's visitation list may deposit commissary money only into the inmate commissary fund of the inmate being visited.

2. Cash money and only correct amount will be accepted.

**Coins will not be accepted.**

3. Only certified checks or money orders will be accepted through the mail.

4. Inmate workers assigned to outside duties will only be allowed to contribute to inmate workers fund on Saturdays and Sundays. Each inmate is allowed $25.00 per week or $5.00 per day. (Inmates are not permitted to have money in the pods or on their person.)

## F.  Acceptance of Personal Items

The personal clothing worn by an inmate at booking, along with other personal items that are not considered contraband, will be stored in the property room and given back to the inmate at release. **The inmate must sign a property return receipt at release or transfer time.** If considered contraband, i.e., cigarettes, lighters, it will be destroyed after 3 days if not picked up by family members.

## G.  Television

The televisions are provided in the facility for the convenience and entertainment of the inmate. The floor officer may change channels when he/she deems necessary. The television may be turned off or removed for disciplinary reasons at the discretion of the floor officer.

## H.  Cell Assignments and Institutional Living

The inmate's cell assignment is the responsibility of the Records and Classification Division. Inmates must return to their assigned cells at all roll-in times.

**When the inmate leaves his/her cell for the dayroom, the bed must be made up neatly.**

Personal items must be stored in the drawer underneath the bunk. Items will not be stored underneath the mattress. Inmates must not alter or destroy any lights, walls, fixtures, or plumbing located in a cell. Inmates assigned to cells without a drawer may place their items neatly at the foot of the bunk.

## J.  Jail Library

Library books are available once a week at the discretion of the Sergeant assigned library duty. Inmates may check out a maximum of two books per week.

## K.  Inmate Workers (Trustees)

1. Requirements for inmate workers:

    a. Inmate must be convicted.
    b. Inmate must not have a record of violence or sexual crimes or be a high risk.
    c. All inmates must be medically approved.
    d. The Jail Commander must approve all inmate workers.
    e. Inmate must not be convicted of manufacturing or trafficking in drugs.

2. Rules of inmate workers:

    a. Inmate workers must perform work duties as assigned.
    b. Workers must remain in work areas assigned and may be searched at any time.
    c. Outside workers must inform control of their duties and location at all times.
    d. Inmate workers must not enter control room or jailer's booth unless escorted.

## L. Recreational Activities

Basketball goals have been installed in the recreation areas, and their use is determined by the Sergeant on duty, weather permitting.

## M. Telephone Calls

1. Inmates will not receive any telephone calls, nor will any messages be forwarded for calls.

2. Legitimate emergency messages will be handled by the supervisor on duty.

3. The jail personnel will only give out the charge, amount of bond, or sentence regarding an inmate.

4. Inmates may make collect calls using the inmate telephone system located in the dayroom. These calls may be monitored or recorded.

5. **Upon written request by inmate, the receptionist may call and leave a message for an attorney.**

6. Inmates are not allowed to use a phone in the docket area except at the time of booking.

7. Upon written request by an inmate, the docket officer will call a bonding company of the inmate's choice.

## N. Visitor Information

1. **The Houston County Jail is a non-contact visiting jail.** Only attorneys meeting in private conference with

inmate clients are allowed contact visits.

2. Inmates must complete a visitor list to see visitors. Visitors will not be allowed a visit if their name is not on the visiting cards, including children. Visiting list is restricted to only 8 names.

3. After 7 days, including entry day, the visitation list will not be changed, added to, or deleted, for a period of 60 days.

4. Visitors 16 years and older must present a current photo ID or driver's license before entry. Visitors under 16 years must have a social security card or a birth certificate, or be admitted at the discretion of the supervisor.

5. Only two (2) people, including children, will be allowed to visit per inmate. Visitors must come and leave together. **Split visitation is not allowed.**

6. For cause, the supervision of the jail may refuse an inmate's visitation privileges.

7. Visitor cards will be held by the visitation officer in the lobby. Times will be noted on the card.

8. Weekday visitation may be approved if **proper identification and proof of residency is presented. Weekday visits will only be approved if the visitor shows proof that their residence is a minimum of 100 miles from the Houston County Jail.** Out of town visits are for visitors who can not visit on regular visiting days and proof of the fact is presented. A visitor may not visit on the weekend and during the week day.

9. Inmates are not allowed visitors while serving time on lockdown or lock up time.

10. Visitors will be arrested and prosecuted for bringing or attempting to bring contraband into the jail.

11. Visitors will not wear mini skirts, shorts above the knee, halter tops, tank tops, spaghetti straps, strapless/slit dresses. No see-through clothing or low cut necklines will be worn. No visitor will wear any clothing that exposes the body to bare skin from the shoulders to the knees. Arms are excluded.

### VISITING SCHEDULE

**SATURDAY:**          8:00 AM to 10:30 AM
Pods M thru O, and female inmates,
trustees and weekend dorms

6

| SATURDAY: | 1:00 PM to 3:30 PM |
| | Pods I, J, K, L, holding and Nursing |

| SUNDAY: | 8:00 AM to 10:30 AM |
| | Pods A thru D |

| SUNDAY: | 1:00 PM to 3:30 PM |
| | Pods E thru H |

## MAIL

1. Letters will be inspected for contraband to ensure facility safety.

2. No hand-delivered mail or packages will be accepted. Envelopes larger than 5X7 will not be accepted.

3. Inmates may receive money orders through regular mail. The money order must be made payable to: **Inmate Drawing Account.** and **must include the inmate's name and inmate number.**

4. **Mail received by the inmates will be documented, opened, and inspected before delivery to the inmate.** Legal mail received by the inmate will be opened by the officer in the presence of the inmate **but not read.**

5. Outgoing mail will be taken up each morning by the corrections officer. Incoming mail will be delivered to the inmate daily.

6. All incoming and outgoing mail must have the sender's **first** and **last name.** No nicknames will be accepted. The envelope must bear the sender's complete address.

EXAMPLE:   John Doe Pod A, B, C, D
           901 East Main Street
           Dothan, Alabama 36301

                              Jane Doe Pod Location
                              901 East Main Street
                              Dothan, Alabama 36301

## LAW LIBRARY

The facility has a constitutionally accepted law library for inmate use. The inmate must submit a request to the sergeant on duty to visit the library. The sergeant will arrange for use of the library by pod designation. Inmates cannot remove any book from the library. The facility does not provide a librarian.

## LIVING AREA REQUIREMENTS

A.  Inmate towel and bath cloth must be hung on the foot of the bed and be centered.  The towel will be hung first and the bath cloth hung neatly on the top of the towel.

B.  Shoes will be placed underneath the right side of the bunk at the foot of the bunk with toes turned out.

C.  The bunk will be neatly made.

D.  Bunks will be in compliance from 8:00 AM to 9:00 PM Monday through Friday.

E.  On Saturday and Sunday, bunks will be in compliance from 10:00 AM to 9:00 PM.

F.  No items will be stored underneath the bunk except shoes.  The inmate must keep his area clean and clear of litter.

G.  No items of any kind will be placed or stored on the window sill of the cell.

## MEDICAL CARE

A.  Inmates are charged a co-pay for medical care at the jail.  Inmate medical care is **not** free.  Alabama law dictates that inmate medical service is free when the inmates "are unable to provide for themselves," (Code of Alabama 14-6-19).

B.  Inmate medical co-pay is taken from the inmate's commissary funds.

C.  The inmate will be charged a co-pay for each medical visit and each medical service based on the following fees:

| | |
|---|---|
| Hospital Visit | $20.00 |
| Doctor Visit | $20.00 |
| Practioner Visit | $20.00 |
| LPN Visit | $ 5.00 |
| EMT Visit | $ 2.00 |
| Lab/X-Ray | $20.00 |
| Prescription (each) | $10.00 |
| Non-Prescription (each) | $  .50 |
| Dental visit | $20.00 |

D.  Inmates who request medical clearance to perform trustee duties and then refuse to work will be charged $98.00, or actual cost, for their lab work.

E.  Inmates are not allowed to ask questions during medication pass.

F.  Med call is announced prior to the nurse arriving

in each area.  Any inmate not standing in line by
the door will forfeit their medication and be
noted as being absent.

## CHAPLAIN SERVICES

A.  The jail has a staff chaplain on part-time duty.
However, a 24-hour call is maintained for inmates
who request emergency service.

B.  Inmates **must** request chaplain service.  Inmate request
forms may be obtained from the corrections officer on
duty.

C.  Inmates who are members of an established religious
body may be visited by the clergy of the religious
body at times listed, Monday thru Friday, during the
hours:   9:00 A.M. - 11:00 A.M.
         1:00 P.M. - 2:30 P.M.
         3:30 P.M. - 4:30 P.M.
except during lock-up times or when the inmate is on
disciplinary lockdown.  At the discretion of the
supervisor on duty, inmates on disciplinary lockdown
may be visited by clergy.

D.  Clergy must show proof that they are ministers of
an established religious body of which the inmate
desiring a visit is a declared member and complete a
visitation form provided by the jail facility before
they are allowed visitation.  Ministers are required
to complete the visitation form only once.

E.  **Pastoral visits are discouraged on Saturdays and
Sundays due to weekend visitation except during
emergency situations.**

F.  Non-denominational services are held during the
evenings on Monday, Tuesday, and Thursday, of
each week.  Other services and classes are held
at the discretion of the chaplain.

G.  Attendance at religious services is not mandatory
for the inmate.  The privilege to attend religious
services may be revoked by the supervisor on duty
for misbehavior during the service or any violation
of the inmate rules.

H.  Clergy who have family members that are incarcerated
and a member of the clergy's religious body may visit
the inmate once as clergy.  The remaining visits will
be on regular visiting time assigned to the inmate.
Clergy will be any minister employed by the established
religious organization.

HOUSTON COUNTY JAIL
POLICY AND PROCEDURE DIRECTIVE

INMATE HYGIENE

Date Issued:  April 14, 2005
Date Effective:  April 24, 2005                    Policy Number: E-303
Revision Date:  April 25, 2005

## POLICY:

In order to promote the institutional goals of health, cleanliness, safety and security in the Houston County Jail, it is the policy of the Houston County Jail that except as may otherwise be specifically provided for herein, all inmates, male and female, shall adhere to this policy. Male inmates shall have hair no longer than one inch from their scalp. Additionally, female inmates shall have hair no longer than collar length. There will be no special hairstyles permitted. Furthermore, there shall be no facial hair greater than one-quarter inch (1/4") in length and fingernails shall be clipped to the tip of the finger. Each inmate shall shower daily; this includes shampooing the hair and a change in clothes. Inmates in food service shall wear a clean set of whites daily.

## PROCEDURE:

During the initial booking process, inmates with a set bond, but who are otherwise incarcerated over night, are not subject to the haircut requirement, but they shall not refuse a bath using a delousing soap and shampoo if required by the jail staff. Any inmate booked into the jail without a set bond shall have to comply with all requirements of this policy during the initial booking phase.

A schedule for compliance with this policy shall be set from time to time by the Jail Commander or Jail Administrator.

In the event an inmate wishes to have their haircut shorter, they must fill out an inmate request form and return it to the appropriate staff.

In an additional effort to prevent the spread of infection to other inmates and employees, every cell and holding area, including dayrooms, must be decontaminated using germicidal agents and steam cleaning the showers, floors and walls. This procedure must be done a minimum of once a week for every space in the secure areas of the jail occupied by an inmate, including the docket. The mats used for sleeping must be sprayed with germicide **weekly**.

To ensure this policy is being followed, the ranking Sergeant will perform inspections as may be necessary. Any inmate in non-compliance with this policy is to be reported to the Jail Commander or Jail Administrator and shall be subject to appropriate disciplinary action.

## **GRIEVANCE PROCEDURE**

01.    In the event that an inmate has a grievance, this inmate will send a grievance form to the Senior Corrections Officer, who will investigate and answer the grievance, and will settle this issue.  If this is not possible, the Jail Commander may hold a formal hearing.

02.    The Senior Corrections Officer will hear all sides of the situation with a written statement or witnesses, as appropriate and render a decision.  This inmate will be informed of the decision in writing.  Actions taken will be documented.

Houston County Jail
Policy and Procedure Directive

# INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                                        Policy Number: E-301

**POLICY:**

It is the policy of the Houston County Jail to advise inmates, in writing, of inmate rules and regulations.

**PROCEDURE**:

The jail will provide each inmate admitted to general population a copy of the inmate rules and regulations.

The inmate rules and regulations handout will be reviewed by the Jail Administrator and updated as necessary.

ACJS 13-001

**EXHIBIT**       **B**

Houston County Jail
Policy and Procedure Directive

# RECEIPT OF INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                    Policy Number: E-302

**POLICY:**

It is the policy of the Houston County Jail to inform all new inmates of the inmate rules and regulations.

**PROCEDURE:**

Prior to any inmate being placed in a regular housing unit of the jail, the jail will provide the inmate with a copy of the inmate rules and regulations.

If the inmate is unable to read the inmate rules and regulations, a jail officer will read them to him/her and document the event. In reading the rules and regulations, the staff member will explain each rule and regulation and answer any questions the inmate may have about the rules and regulations.

The jail officer will complete the Rules and Regulations Receipt form advising the inmate that he/she will be required to abide by those rules and regulations while an inmate in the Houston County Jail.

The inmate will then be required to sign the receipt form. If inmate refuses, the process will be documented and procedure continued.

The receipt form will be placed in the inmate's file.

**EXHIBIT**          C

## HOUSTON COUNTY JAIL
## JAIL DOCKET CARD

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 59734 | Johnson | Audie | James | | "AJ" | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| DPD | 12-8-06 | | | | |

| RISK | STATUS | | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|---|
| | | | | E | 10 | Mears | J. Arnold |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 51 | 9-10-55 | 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 | B | M | 6'0 | 170 | BLK | BRO | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg   Holiday | Neg J53 | Neg   OFC Hammick | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | Mark Johnson |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| DPD | Jeff Arnold 12/8/06 | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|
| 216 E Crawford St | Dothan | AL 36301 | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Edith Johnson | 314 Pennington Ave | Trenton NJ | 609-392-0353 | Mother |

**REMARKS:**

| DID INMATE RECEIVE PHONE CALL?   (X) Y   ( ) N | DID INMATE RECEIVE JAIL RULES?   (X) Y   ( ) N |
|---|---|
| INMATE SIGNATURE   X   Audie Johnson | INMATE SIGNATURE   X   Audie Johnson |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

**EXHIBIT** $\mathcal{D}$

| INMATE # | | | | | | |
|---|---|---|---|---|---|---|
| 59734 | | | | | | |

| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| RSP 1 | | 06-16935 | 06-3785 | | | |
| BOND 2000.00 | | 1·23·07    1:00 PM | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

# INMATE GRIEVANCE FORM

DATE:_____    INSTITUTION:_____

NAME:_____    INMATE NUMBER:_____

NATURE OF GRIEVANCE OR INFORMATION:

_____
_____
_____
_____
_____
_____
_____

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT ? _____

_____
_____
_____
_____
_____
_____

DATE HEARING: _____

COMMITTEE FINDING OR RESPONSE: _____

_____
_____
_____
_____

REFERRED TO:_____    POSITION: _____

CHAIRMAN:_____    MEMBER:_____

MEMBER: _____    WARDEN:_____

AGREE_____ DISAGREE:_____    (WITH COMMITTEE FINDINGS)

CHIEF WARDEN RESPONSE: _____

_____
_____
_____
_____
_____

DATE GRIEVANCE FILED:_____    TIME FILED:_____

SHIFT COMMANDER:



EXHIBIT

E

Houston County Jail
Policy and Procedure Directive

# INMATE GRIEVANCES

Date Issued:  May 1, 1999                                    Policy Number: E-401

**POLICY:**

It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.

**PROCEDURE:**

The Jail Administrator will devise a grievance form to be made available to all inmates on request.  Grievance forms will be limited to one (1) per day per inmate.

Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.

The grievance response to the inmate will be in writing.

The decision of the Jail Administrator may be appealed to the Sheriff or designee, within seventy-two (72) hours of the receipt of the grievance decision.

**EXHIBIT F**

**EXHIBIT G**

1 of 3 copy's                    Rec. 2-21-07 @8m E-UNit

**INMATE REQUEST FORM**

Date: 2-18-07                                   INMATES # 59734

To: Sheriff Andy Huge's                        C/O SIGNATURE _____

From: Audie Johnson                            SR C/O SIGNATURE _____

**NATURE OF REQUEST** yes, Mr. Huger, I would like to
meet with you, CONCERNing My LiViNg CONdishion's
And lack of care and CONCERN for my health
And well being while here in this Jail.
Because with the Inspector's in Cohusion with the Jail
This Jail is Nothing but A HEALTH HAZARD...

**ACTION TAKEN** _____

(Over)bring)

C.C. Myself, you, U.S. District Court..

USBPI Reorder #12055 (8/06)

No filters on vents
Dayroom vents / TV has dust build up.

Eating in an area where other inmates sleep.

## INMATE REQUEST FORM

Date: 12-21-06

To: Sgt.

From: Audie Johnson

INMATES # 59734

C/O SIGNATURE _____

SR C/O SIGNATURE _____

NATURE OF REQUEST  Yes: I would like to get started on this law work, when it is possible for me to get to the law Library

Audie Johnson    Thank you!

ACTION TAKEN _____

COMPLETED 12/26/06

Audie Johnson

USBPI Reorder#12055 (8/06)

---

## INMATE REQUEST FORM

POD E-10

Date: 1-5-07

To: A Sgt.

From: Audie Johnson

INMATES # 59734

C/O SIGNATURE  R. Moore

SR C/O SIGNATURE  D. Jones

NATURE OF REQUEST  Yes: I would like to get to the law Library!

Thank you!

ACTION TAKEN _____

COMPLETED 1/9/07

Audie Johnson

USBPI Reorder#12055 (8/06)

**INMATE REQUEST FORM**

Date: _1- 5- 07_

To: _Whom it may concern_

From: _Audie Johnson_

INMATES # _59734_

C/O SIGNATURE _K. Moore_

SR C/O SIGNATURE _D. Jones_

NATURE OF REQUEST _Yes, I would like to find out the_
_things i command from the sheriff about the_
_the law li_

_It..._

**ACTION TAKEN** _1-5-07_

_Sheriff, Commander, Lt., Sgt, Officer._

X _Audie Johnson_

---

**INMATE REQUEST FORM**

Date: _1-10- 07_

To: _Sgt._

From: _Audie Johnson_

INMATES # _59734_    E-10

C/O SIGNATURE _Cay_

SR C/O SIGNATURE

NATURE OF REQUEST _yes, yes i would like to go_
_to the Law Library, A.S.A.P._

_Thank you!_

**ACTION TAKEN**

COMPLETED _1/23/07_

X _Audie Johnson_

E

# INMATE REQUEST FORM

Date: 1-23-07                      INMATES # 59734

To: Sgt.                           C/O SIGNATURE

From: Audie Johnson               SR C/O SIGNATURE

NATURE OF REQUEST yes; I would like to get to the Law Library

✓Hank you!

ACTION TAKEN Done 1/30/07

X Audie Johnson

USBPI Reorder#12055 (8/06)

E-10

# INMATE REQUEST FORM

Date: 2-6-07    E                  INMATES # 59734

To: Sgt.                           C/O SIGNATURE

From: Audie Johnson               SR C/O SIGNATURE

NATURE OF REQUEST yes; I would like to get to the law lib.

✓ Thank you!

ACTION TAKEN Done on 2-20-07

X Audie Johnson

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS "AJ" | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 59734 | Johnson | Audie | James | | "AJ" | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| DPD | 12-8-06 | | | | |

| RISK | STATUS | | FLOOR E | CELL 10 | DOCKET OFFICER Kfears | ARRESTING OFFICER J. Arnold |
|---|---|---|---|---|---|---|

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 51 | 9-10-55 | 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 | B | M | 6'0 | 170 | BLK | BRO | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY OFC | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg Holiday | Neg J53 | Neg Hammick | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY Mark Johnson |
|---|---|---|---|

| HOLD 1 DPD | DATE/BY Jeff Arnold 12/8/06 | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |

| ADDRESS 216 E Crawford St | CITY Dothan | STATE AL 36301 | PROBATION/PAROLE OFFICER |
|---|---|---|---|

| NEXT OF KIN Edith Johnson | ADDRESS 314 Pennington Ave | CITY/STATE Trenton NJ | PHONE 609-392-0353 | RELATION Mother |
|---|---|---|---|---|

**REMARKS:**

| DID INMATE RECEIVE PHONE CALL? (✓)Y  { }N | DID INMATE RECEIVE JAIL RULES? (✓)Y  { }N |
|---|---|
| INMATE SIGNATURE X  *Audie Johnson* | INMATE SIGNATURE X  *Audie Johnson* |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2926

| INMATE # | 59734 | | | | | |
|---|---|---|---|---|---|---|
| CHARGE RSP 1 | | WARRANT # 06-16935 | DC/TR 06-3785 | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND 2000. | | 1·23·07  1:00 PM | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |

**HOUSTON COUNTY JAIL**
**BOOKING CHECK OFF LIST**
DATE: 10-5-06    TIME: _____

SENIOR CORRECTIONS OFFICER(S) DUTY

Inmate Name: Johnson, Andie    Inmate Number: 59734

BOOKING OFFICER MUST INITIAL AFTER COMPLETING
EACH ITEM AND SIGN IN THE PROPER SPACE.

1. All personal property secured
2. Check in-house warrants
3. Check for last incarceration
4. Arrest report completed by arresting officer
5. All charges listed on arrest report and bonds listed for each charge
6. **Bond amount noted on warrant**
7. All inmate property tagged/placed in envelope
8. Property envelope completely filled out/signed by inmate
9. All money counted/logged in money book
10. Money envelope completed/supervisor counts
11. SCO calls control and logs money in SCO money book
12. SCO seals money/places in box
13. **Check for outstanding warrants    NCIC / Dothan**
14. Inmate numbers properly assigned
15. Inmate recorded in black book
16. Inmate recorded on white pages
17. **Docket I.D., floor card completed, and bond amount verified on docket card**
18. Fingerprint card completed
19. Medical screen completed
20. Affidavit of hardship completed
21. Green disposition form completed (FBI)
22. Property hold form (telephone call, bond applied)
23. Fingerprinted/photographed/entered in computer
24. Property card completed
25. Visitor/Telephone list completed
26. Inmate handbook received
27. **Bond completed/amount checked against warrant**
28. **Correct court date noted on bond**
29. **Inmate and surety signature on bond**
30. **All pass on information documented in pass book**

Signature of Booking Officer(s)

*Southeastern Printers of Dothan, 334-792-2928*

HOUSTON COUNTY SHERIFFS OFFICE

## INMATE INFORMATION SHEET

Page    1

| BOOKING NO:    060004670 | LOCAL ID:    59734 |

Name    : **JOHNSON AUDIE JAMES**

Address: **216 E CRAWFORD ST**

City    : **DOTHAN**         State: AL Zip: **36301**



### Physical Description

Race : **BLACK**              Hair :  **GREY**

Gender: **MALE**              Eyes:  **BROWN**

Height: **6 ' 00 "**         Complexion:  **MEDIUM BR**

Weight: **170**                DOB:  **09/10/1955**      Age: **51**

Scars/Tattoos:

### Personal Information

DL State :                    Home Phone:

DL Number:                    Work Phone:

SSN:  **135 50 6109**

SID:

### Booking Information

Arrest Date: **12/08/2006**        Booking Officer: **S FEARS**

Arrest Dept: **DPD**               Booking Date: **12/08/2006**

Arrest Offcr: **J ARNOLD**          Booking Time: **09:14**

Search Offcr: **CAINE**               Facility: **01**

Meal Code: **01**              Cell Assignment: **E10**

### Charge Information

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| **RSP 1** | **$00.00** | **2000** | **PENDING** |

# HOUSTON COUNTY
# SHERIFF'S DEPARTMENT
# PROPERTY HOLD

I/M NUMBER                 LAST NAME              FIRST NAME      M.I.

59734 , Johnson          , Audie          , J

CASH                    HOLD 1                 HOLD 2

_____/_____    _____/_____    _____

OTHER ITEMS:

_____

I DO/DO NOT GIVE MY PERMISSION FOR ALL MY INCOMING MAIL TO BE INSPECTED. I
UNDERSTAND THAT IF I DO NOT GIVE MY PERMISSION FOR MY MAIL TO BE INSPECTED, IT
WILL BE RETURNED TO SENDER.
X  *Audie Johnson*                          DATE  12-7-06

I._____, MADE APPLICATION TO THE BONDING
COMPANY OF MY CHOICE.

X_____DATE_____

I._____, RECEIVED FROM THE HOUSTON COUNTY
SHERIFF DEPARTMENT ALL MY PROPERTY, AND MONEY UPON RELEASE.

X_____DATE_____

I WAS ALLOWED TO MAKE A PHONE CALL.
X  *Audie Johnson*                          DATE  12-8-06

I RECEIVED A COPY OF THE JAIL RULES AND REGULATIONS.
X  *Audie Johnson*                          DATE  12-8-06

            WITNESS_____*Mears*_____ DATE 12-8-06

59734

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: DC 2006 003785.00
OPER: AMI                    CASE ACTION SUMMARY
PAGE:   1                    DISTRICT   CRIMINAL              RUN DATE: 12/08/2006
==================================================================================
IN THE DISTRICT COURT OF  HOUSTON                                     JUDGE: CLL
```

STATE   OF   ALABAMA              VS       JOHNSON AUDIE JAMES
                                          216 EAST CRAWFORD STREET
CASE:  DC 2006 003785.00
                                          DOTHAN, AL  36301 0000

```
DOB: 09/10/1955      SEX: M  RACE: B  HT: 6 00  WT: 170   HR: BLK EYES: BRO
SSN: 135506109  ALIAS NAMES:
==================================================================================
CHARGE01: REC STOLEN PROP 1ST  CODE01: RSP1  LIT: REC STOLEN PRO TYP: F #: 001
OFFENSE DATE: 12/07/2006              AGENCY/OFFICER: 0380100 ARNOLD
----------------------------------------------------------------------------------
DATE WAR/CAP ISS:                    DATE ARRESTED: 12/07/2006
DATE     INDICTED:                   DATE     FILED: 12/08/2006
DATE     RELEASED:                   DATE   HEARING:
BOND      AMOUNT:        $2,000.00      SURETIES:
DATE 1: 12/08/2006  DESC: APPD        TIME: 0200 P
DATE 2:             DESC:             TIME: 0000
----------------------------------------------------------------------------------
TRACKING NOS: WR 2006 016935 00  /                     /
```

DEF/ATY: *Hon. Mark Johnson*    TYPE: (C)                          TYPE:

                                  00000                        00000

PROSECUTOR:

```
==================================================================================
OTH CSE: WR200601693500 CHK/TICKET NO: WR2006016935      GRAND JURY: 234-01
COURT REPORTER:                  SID NO:      000000000
DEF STATUS: JAIL                DEMAND:                      OPER: AMI
==================================================================================
DATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
==================================================================================
```

| 12/8/2006 | Defendant before the Court and advised of |
| | his/her rights Hon. *Mark Johnson* |
| | is appointed counsel for the Defendant. |
| | Trial/Preliminary Hearing is set for |
| | *Kellie R. Watkins, Mag.* |
| | District Judge |

# DOTHAN POLICE DEPARTMENT ARREST REPORT

| CASE# | ITEM# | DATE | ARREST TIME | BOOKING TIME | ☐ ADULT | ☐ IH4 |
|---|---|---|---|---|---|---|
| 1-06-004269 | | 12 07 06 | 16 50 | 17 57 | ☐ JUVENILE | |

**NAME (LAST, FIRST, MIDDLE)** Johnson, Audie James    **ALIAS NAMES OR NICKNAMES**

**ADDRESS** 216 E. Crawford St.    **CITY** Dothan    **STATE** AL    **ZIP** 36301

| HOME PHONE | WORK PHONE | DOB | POB | SSN |
|---|---|---|---|---|
| - | - | 9 10 55 | Trenton, N.J. | 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 |

| OLN/ID | STATE | RACE | SEX | ETHNIC ORIGIN | HEIGHT | WEIGHT | OCCUPATION |
|---|---|---|---|---|---|---|---|
| ☐ IP - | | B | M | BLACK | 6'00 | 170 | |

**EMPLOYER** Unemployed    **EMPLOYER ADDRESS**

| HAIR COLOR | HAIR LENGTH | HAIR STYLE | EYE COLOR | COMPLEXION | FACIAL HAIR | BUILD |
|---|---|---|---|---|---|---|
| Bald | Bald | Bald | Bro | Med. | Mustache | Med |

| TEETH | SPEECH | WEAPON HELD | HAND USE | MARITAL STATUS | SOBRIETY |
|---|---|---|---|---|---|
| Missing | Nor. | N/A | R/H | Single | Sober |

| CAUTIONS | RELIGION | SCARS/MARKS, TATTOOS |
|---|---|---|
| Sig. 1 | | N/A |

| SID# | SID# | SID# | FBI# |
|---|---|---|---|
| | | | |

| RELATED CASE# | SOURCE | RELATED CASE# | SOURCE |
|---|---|---|---|
| 1-06-010596 | OFFN. | | |
| 1-06-000960 | EVDN. | | |

**VIOLATION LOCATION** 713 N. Cherry St.    Dothan, AL. 36303    **ZONE** 18

**ARREST LOCATION** 210 N. St. Andrews St.    Dothan, AL. 36303    **ZONE** 18

| | CHARGE | COUNTS | UCR | STATUTE | CLEARED |
|---|---|---|---|---|---|
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 1 Receiving Stolen Property 1ST | 1 | 2803 | 13A-8-17 | |
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 2 | | | | |
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 3 | | | | |
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 4 | | | | |
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 5 | | | | |

COPY

| AW#1 | AW#2 |
|---|---|
| AW#3 | AW#4 |
| AW#5 | AW#6 |
| AW#7 | AW#8 |
| AW#9 | AW#10 |

| ARRESTING OFFICER | ID# | SHIFT | SUPERVISOR/ID# |
|---|---|---|---|
| J. Arnold | 452 | C.I.D. | |

LEAVE BLANK                    CRIMINAL

NFF SECOND

SUBMISSION       APPROXIMATE CLASS      AMPUTATION      SCAR

STATE USAGE                                    LAST NAME, FIRST NAME, MIDDLE, NAME, SUFFIX

**JOHNSON, AUDIE JAMES**

SIGNATURE OF PERSON FINGERPRINTED        SOCIAL SECURITY NO.                LEAVE BLANK

**135506109**

x *Audie Johnson*

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**JOHNSON, AJ**

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---------|--------------------------|------------------------|-----|------|--------|--------|------|------|
|         |                          | 19550910               | M   | B    | 600    | 170    | BRO  | BLK  |

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

ID 50X50G8 TPFC #1107 10:41:51        5701LD #1* 20081208-10:58

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY        L. THUMB    R. THUMB    RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

| | | |
|---|---|---|
| SUBMISSION  YES | DATE OF ARREST  MM DD YY  20061208 | ORI  CONTRIBUTOR  **AL0380000**  ADDRESS  **HOUSTON CO SD**  **DOTHAN AL** |
| TREAT AS ADULT  YES | | REPLY DESIRED?  YES  **Y** |
| SEND COPY TO  ENTER ORI | DATE OF OFFENSE  MM DD YY  20061208  **NJ** | PLACE OF BIRTH (STATE OR COUNTRY) | COUNTRY OF CITIZENSHIP  **US** |

SCARS, MARKS, TATTOOS, AND AMPUTATIONS

| | |
|---|---|
| | RESIDENCE/COMPLETE ADDRESS  **216    E CRAWFORD ST** |

| | | | |
|---|---|---|---|
| | | CITY  **DOTHAN** | STATE  **AL** |
| OFFICIAL TAKING FINGERPRINTS  NAME OR NUMBER:  **J53**  **STEPHANIE FEARS** | LOCAL IDENTIFICATION/REFERENCE  **59734** | PHOTO AVAILABLE?  PALM PRINTS TAKEN?  YES | **36301**  **X** |

EMPLOYER:   IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY
            IF MILITARY LIST BRANCH OF SERVICE AND SERIAL NO.

OCCUPATION

**UNEMPLOYED**

CHARGE/CITATION

**20061208   2803**
**RECEIVE STOLEN PROP**

DISPOSITION
1.

2.

3.

ADDITIONAL

ADDITIONAL

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP

LEAVE BLANK | CRIMINAL

NFF SECOND

SUBMISSION | APPROXIMATE CLASS | AMPUTATION | SCAR

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

STATE USAGE

**JOHNSON, AUDIE JAMES**

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.
**135506109**

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX
**JOHNSON, AJ**

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 19550910 | M | B | 600 | 170 | BRO | BLK |



1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE

6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE

ID 50X50G8 TPFC #1107 10:41:51          5701LD #1x 20081208-10:58

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY | L. THUMB | R. THUMB | RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

| VENILE FINGERPRINT | DATE OF ARREST | ORI | |
|---|---|---|---|
| REMISSION    YES ☐ | MM   DD   YY | CONTRIBUTOR   **AL0380000** | |
| | | ADDRESS   **HOUSTON CO SD** | |
| EAT AS ADULT    YES ☐ | **20061208** | **DOTHAN AL** | |
| | | REPLY   YES ☐ DESIRED? | |

| NO COPY TO (TEM 000) | DATE OF OFFENSE | PLACE OF BIRTH (STATE OR COUNTRY) | COUNTRY OF CITIZENSHIP |
|---|---|---|---|
| | MM   DD   YY | | |
| | **20061208**   **NJ** | | **US** |

| SCELLANEOUS NUMBERS | SCARS, MARKS, TATTOOS, AND AMPUTATIONS | | |
|---|---|---|---|

| | RESIDENCE/COMPLETE ADDRESS | | CITY | STATE |
|---|---|---|---|---|
| | **216**   **E CRAWFORD ST** | | **DOTHAN** | **AL** |
| FICIAL TAKING FINGERPRINTS AME OR NUMBER: **J53** **STEPHANIE FEARS** | LOCAL IDENTIFICATION/REFERENCE **59734** | | PHOTO AVAILABLE? ☒ PALM PRINTS TAKEN?   YES ☐ | **36301** |

| IPLOYER:   IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO. | OCCUPATION **UNEMPLOYED** |
|---|---|

| IARGO/CITATION **20061208   2803** **RECEIVE STOLEN PROP** | DISPOSITION 1. |
|---|---|
| | 2. |
| | 3. |

| IDITIONAL | ADDITIONAL |
|---|---|

| IDITIONAL INFORMATION/BASIS FOR CAUTION | STATE BUREAU STAMP |
|---|---|

C-219D (REV. 5-11-99)   U.S. GOVERNMENT PRINTING OFFICE: 2000   314-17-0/48414