IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| AUDIE JAMES JOHNSON, #59734 | * | |
| Plaintiff, | * | |
| v. | * | 1:07-CV-52-MHT |
| | | (WO) |
| COMMANDER MCCARTY, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Audie Johnson, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, complains that he is being subjected to unconstitutional conditions of confinement. Defendants named to this action are Commander McCarty and Lieutenant Rocco. Plaintiff requests injunctive relief and "what relief [he is] [e]ntitled to." (*Doc. No. 1.*)

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendants assert that this case is due to be dismissed because Plaintiff has failed to exhaust an administrative remedy available to him at the county jail as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that, with respect to the claims presented in the instant complaint, Plaintiff has failed to exhaust the administrative remedies available to him at the Houston County Jail via the jail's inmate

grievance procedure as he has failed to file a grievance and/or an appeal of any grievance about the allegations made the basis of his complaint. (*Doc. No. 9, Exhs. 1, A, F, G.*)

In accordance with the orders of the court, Plaintiff was informed that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on Defendants' motion for summary judgment and Plaintiff's opposition. (*Doc. Nos. 9, 11*.) Upon consideration of motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion for summary judgment shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of

---

substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*,

814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials

and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, ___, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a genuine issue of material fact sufficient to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff alleges that since December 9, 2006, he has been subjected to unconstitutional living conditions. Specifically, Plaintiff asserts that the jail is overcrowded and it smells bad, the paint on the walls of the shower area is peeling, mold grows around the showers, there is a heavy dust build up around the inmate pod, and three times a week dirty clothes are collected around inmate food trays. (*Doc. No. 1*.)

In their dispositive motion, Defendants assert that this case is due to be dismissed because Plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Plaintiff has failed to exhaust

the administrative remedies available to him at Houston County Jail through the jail's inmate grievance procedure. (*See Doc. No. 9, Exhs. 1, F, G.*)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id*. at 2387 (emphasis added).

The Supreme Court in *Woodford* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance

with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id.* at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id.* Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

In support of their exhaustion argument, Defendants affirm that, at all times relevant

to this litigation, the Houston County Jail has maintained an inmate grievance procedure. (*Doc. No. 9, Exhs. 1, A-F.*)  This administrative remedy is available to all Houston County Jail inmates, including Plaintiff.  (*Id.*)  Defendants contend that a search of Plaintiff's entire inmate record reflects that he has never filed a grievance regarding the matters made the subject of his complaint. (*Id. at Exhs. 1 and G.*)  In opposition to Defendant's dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Houston County Jail.  (*Doc. No. 11.*) Rather, Plaintiff maintains that he did file grievances but that they "got past" Defendants and that Defendants did not return copies of the grievances or his request slips.  (*Id.*)  Plaintiff goes on to deny, however, ever having seen the jail's policies regarding grievance procedures as contained in the inmate rules and regulations handbook and maintains that the handbook he received did not contain such information. (*Id.*)

The record in this case establishes that the Houston County Jail provides a grievance procedure for inmate complaints.  The jail's grievance procedures are contained in the inmate rules handbook, which Plaintiff does not dispute that he received a copy of when he was booked into the jail. (*See Doc. No. 9, Exh. D at 14.*)  The jail's grievance procedure reflects that inmates may report a grievance on an inmate grievance form.  (*Id., Exhs. A at 25.*) Grievances are given to the senior corrections officer who investigates and responds to the grievance and tries to settle the issue.  (*Id.*)  If an inmate is not satisfied with the first answer to his grievance, the inmate may appeal to the jail commander who may hold a formal hearing. (*Id.*)  Defendants maintain that Plaintiff has filed no grievances and specifically has

9

not filed any grievance concerning the allegations made in the instant complaint.[2]  (*Id., Exh. G.*)

Plaintiff relies on his own conclusory allegations submitted in response to Defendants' dispositive motion that he complied with the jail's administrative remedies, his equivocal allegation that his grievance forms *may* have "gotten past" Defendants, and his contention that the copy of the grievance form contained in Defendants' evidentiary materials is not the same form with which he is familiar.  Plaintiff further acknowledges that he received a copy of the inmate rules and regulation handbook but contends that the copy he received did not contain the policies regarding inmate grievances.  Defendants contradict these claims, maintaining that jail records show that Plaintiff received a copy of the inmate rules and regulations handbook; that the internal grievance procedure at the Houston County Jail is available to all inmates, including Plaintiff; that all inmates, including Plaintiff, may submit grievances, and that all inmate grievances are acted upon. (*Doc. No. 9, Exhs. 1, A, C, F.*)  Defendants' evidentiary materials further support their contention that Plaintiff failed to file any grievance with respect to the conditions about which he complains in the instant cause of action.[3]

---

[2] Defendants' evidentiary material shows that Plaintiff submitted an inmate request form directed to Sheriff Andy Hughes on February 19, 2007 in which he requested a meeting with the Sheriff to discuss his living conditions and the lack of care and concern for his health. (*See Doc. No. 9, Exh. G at 33*.)  Assuming, *arguendo*, that the request form is considered a grievance regarding Plaintiff's conditions of confinement, there is no indication that Plaintiff appealed this grievance to the jail commander, which is necessary to properly exhaust administrative remedies.

[3] The undisputed evidentiary material before the court reflects that Plaintiff has submitted inmate request slips during his confinement at the Houston County Jail, including a request slip asking a meeting with Sheriff Hughes concerning his living conditions, and such requests were received by jail officials and

This court may properly resolve this factual issue relating to exhaustion, *see Bryant v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and it finds that the facts do not support Plaintiff's arguments concerning his alleged inability to exhaust administrative remedies. As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and it may not be waived by the Court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ); *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such remedies. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323.

Based on the proof provided, Plaintiff has not taken advantage of the administrative remedies available to him at the Houston County Jail with respect to his claims against the named defendants concerning the conditions of his confinement. The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he has properly exhausted the administrative remedies available to him at the jail or demonstrated that he has been denied access to those administrative procedures during his incarceration at that facility. Other than his self-serving statements, there is no record or documentation that Plaintiff has made any complaints against Defendants about the matters made the subject of this action. *See Kozuh v. Nichols*,

---

appropriate action taken . (*See Doc. No. 9 Exh. G.*)

2006 WL 1716049 at *2 (11th Cir. June 22, 2006) (rejecting inmate's claim "that he was 'thwarted' when officials refused to respond to his grievances, leaving the grievance procedure unavailable" and noting that inmate had filed numerous informal complaints). The court, therefore, concludes that the claims for relief presented in this cause of action are subject to dismissal as Plaintiff has not properly exhausted an administrative remedy available to him which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (*Doc. No. 9*) be GRANTED to the extent that Defendants seek dismissal of this case due to Plaintiff's failure to exhaust an administrative remedy;

2.  This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a). *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006); and

3.  No costs be taxed herein.

It is further

ORDERED that on or before **December 14 , 2008** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of December, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE